IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **John Doe**<br><br>      Plaintiff,<br><br>v.<br><br>**Jean Francis Zinsou & Colette Zinsou-Fatimabay,**<br><br>      Defendants. | *Civil Action No.*: 1:19-cv-07025<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED USING A PSEUDONYM** |

### PLAINTIFF JOHN DOE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED USING A PSEUDONYM

### PRELIMINARY STATEMENT

Plaintiff John Doe ("Mr. Doe" or "Plaintiff"), by and through his counsel, brings this motion seeking leave of court to proceed anonymously in his civil action against Ambassador Jean Francis Zinsou and Colette Zinsou-Fatimabay (together, "Defendants"), to avoid revealing his identity and to prevent Defendants from revealing his identity to anyone outside the scope of this litigation. Mr. Doe is a victim of labor trafficking and forced labor. Defendants trafficked Mr. Doe from Madagascar to the United States, promising him, among other things, reasonable working conditions and adequate wages. Defendants employed Mr. Doe as a live-in driver, forcing him to work excruciatingly long hours, failing to pay him the wages he had earned, and subjecting him to severe psychological abuse which, in addition to the mental trauma suffered, ultimately resulted in him developing chronic physical conditions that require continued medical treatment to this day. As the former Permanent Representative of Benin to the United Nations, Amb. Zinsou and his wife continue to wield significant power, both within the United States and Benin, especially when compared to Mr. Doe. Additionally, Defendants maintain family ties in Madagascar, and their privileged foreign political status

allows them to command significant respect and power there too. Mr. Doe fears for his own safety and reputation, as well as for the safety and reputation of his family, who remain particularly vulnerable in Madagascar. Allowing Mr. Doe to pursue his claims under a pseudonym will not prejudice the Defendants, nor will it violate the public interest. Therefore, Mr. Doe respectfully requests leave of this Court to proceed anonymously under a pseudonym.

## ARGUMENT

Mr. Doe seeks permission to use a pseudonym to protect him "from harassment, injury, ridicule or personal embarrassment." *See, e.g., United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980). While "'[t]he title of [a] complaint must name all the parties'" to an action under Federal Rule of Civil Procedure 10(a), courts may allow parties to proceed anonymously, particularly where a plaintiff's claims are highly sensitive and personal in nature, as they are here. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188−90 (2d Cir. 2008). In the Second Circuit, "the plaintiff's interest in anonymity [is] balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. The court balances these interests by weighing whether:

- the litigation involves matters of a highly sensitive and of a personal nature,
- identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent non-parties,
- the plaintiff's identity has thus far been kept confidential,
- the plaintiff is particularly vulnerable to the possible harms of disclosure,
- the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, and
- the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity.

2

*Id.* at 189−90 (quotations omitted).[1]  The relevant factors in this case support the Court granting this motion.

**I.    PLAINTIFF HAS A STRONG INTEREST IN PROCEEDING UNDER A PSEUDONYM BECAUSE OF THE SENSITIVE NATURE OF HIS CLAIMS AND THE HIGH RISK OF RETALIATION AGAINST HIM AND HIS FAMILY SHOULD HIS IDENTITY BECOME PUBLIC.**

   **A.    Mr. Doe's Human Trafficking Claims are Highly Personal and Involve Sensitive Information.**

Mr. Doe seeks to proceed under a pseudonym because of the highly sensitive and personal nature of his labor trafficking and related claims.  Courts often permit a plaintiff to proceed anonymously where claims are highly sensitive and personal in nature.  *See Sealed Plaintiff*, 537 F.3d at 189−90.  A "[p]laintiff's anonymity should be permitted where a substantial privacy interest is involved.  Embarrassment or economic harm to the plaintiffs is insufficient, but factors to consider as to whether plaintiffs' situation is compelling, involve[e] highly sensitive matters including social stigmatization." *Doe v. New York Univ.*, 786 N.Y.S.2d 892, 903 (Sup. Ct. 2004) (internal citations and quotations marks omitted).  Human trafficking cases are highly personal and susceptible to social stigmatization, leading courts to protect the anonymity of trafficking survivors.  *See* Order at 2, *Fla. Abolitionist v. Backpage.com LLC*, No: 6:17-cv-218-Orl-28TBS, Dkt. No. 46 (M.D. Fla. May 18, 2017) ("Order") (allowing victim of human trafficking and sex slavery to proceed under a pseudonym because it is "reasonably foreseeable that the disclosure of her identity in this action will cause her social stigmatization"); *see also Doe v. Penzata*, No. CV10–5154 MEJ, 2011 WL 1833007 (N.D. Cal. May 13, 2011) (granting anonymity to a victim of labor trafficking and sexual assault); *John*

---

[1]    Other factors, which are either not relevant here or not persuasive, are: (1) whether identification presents other harms and the likely severity of those harms, (2) whether the suit is challenging the actions of the government or that of private parties, (3) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (4) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Roe I v. Bridgestone Corp.*, 492 F. Supp. 2d 988, 991 (S.D. Ind. 2007) (granting petition of workers of a rubber plantation to bring labor trafficking and forced labor claims under pseudonyms).

Importantly, the New York State Office of Temporary and Disability Assistance has recognized Mr. Doe as a victim of human trafficking. Letter from New York State Office of Temporary and Disability Assistance to John Doe (July 21, 2017). *See* Compl. Ex. H. Defendants subjected Mr. Doe to grueling working and living conditions by forcing him to work nearly around-the-clock hours, verbally abusing and threatening him, and denying him privacy. Mr. Doe's highly sensitive and personal experiences in labor trafficking weigh in favor of this court allowing him to proceed anonymously.

### B. There is a Significant Risk of Future Retaliatory Harm Given Defendants' Threatened Retaliation Against Mr. Doe and his Family.

If Mr. Doe's identity is publicly disclosed, he risks physical and mental harm, as do his wife and child, who remain in Madagascar. Permission to proceed anonymously is generally granted due to the threat of either physical or psychological retaliatory harm. *See Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). The potential harm can be to Plaintiff, "or even more critically, to innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190 (internal quotation and citation omitted); *see also Doe v. I.N.S.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989) (permitting petitioner to proceed anonymously to protect petitioner's family from possible reprisals by the Chinese government or others in China). The threat of retaliation may come from defendants themselves, or from the larger community or other nonparties. *A.B.T. v. U.S. Citizenship & Immigration Servs.*, No. 2:11-cv-02108, 2012 WL 2995064, at *3 (W.D. Wash. July 20, 2012) ("Retaliation may include harm by third parties, reprisals against nonparties and economic harm.").

Mr. Doe and his family have suffered severe retaliatory harm in the past and reasonably fear that the harassment will resume if he is publicly named in this case. While the Defendants

4

kept Mr. Doe in a state of forced labor, they repeatedly threatened to ruin his reputation in Madagascar by telling people there that he was a bad worker. During his forced employment by his traffickers, Mr. Doe's family received phone calls to that effect, resulting in considerable psychological stress and anxiety for Mr. Doe's family and Mr. Doe himself. Mr. Doe's wife was particularly upset by these communications. In addition, Defendants required Mr. Doe to have a cell phone to ensure they could reach him at any hour, day or night. The phone was in Mr. Doe's name and paid for by him, but at one point, Amb. Zinsou's nonetheless sought to confiscate the phone, threatening to involve Beninese military leadership. Defendants' significant power derived from their former diplomatic status, and their expressed willingness to wield it against Mr. Doe, creates a greater possibility that harm will befall him or his family should his identity be revealed in a public filing.

### C. Mr. Doe is Vulnerable to Harms Resulting from Disclosure of his Identity Because his Family Still Resides Overseas.

Mr. Doe's family, and particularly his wife and young child, are innocent non-parties who reside in Madagascar and therefore are especially vulnerable to harm resulting from the disclosure of Mr. Doe's identity in this suit. One of the Defendants in this case is a high ranking former diplomat who has significant power and authority both in the United States and in Africa. The Defendants have demonstrated that they have the power to use the Beninese military to do their bidding in the past and therefore are more likely to retaliate against Mr. Doe in the future using similar physical threats. Mr. Doe lives in constant fear for himself and his family residing in Madagascar where Defendants, specifically Madagascar-born Ms. Zinsou-Fatimabay, continue to wield power and influence. As a result, Mr. Doe's innocent, non-party family members are particularly vulnerable to potential harm from Defendants' use of the Beninese or other actors to retaliate against Mr. Doe. *Sealed Plaintiff*, 537 F.3d at 190 (internal quotation and citation omitted); *see also Doe v. I.N.S.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989) (permitting petitioner to proceed anonymously to protect petitioner's family from possible

5

reprisals by the Chinese government or others in China).  Given the vulnerability of Mr. Doe's innocent non-party family to retaliation at the hands of the powerful Defendants, the Court should allow him to proceed anonymously.

### D. Mr. Doe's Identity has not Previously been Made Public.

Mr. Doe's identity remains confidential, as he has not previously been involved in cases that are or were publicly accessible.  Courts consider a plaintiff's request for anonymity to be strongest when it has not already been compromised.  *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006).  In this case, Mr. Doe has not been involved in public lawsuits against Defendants.  While he has submitted wage complaints with the New York State Department of Labor, those complaints remain confidential.  This Court should allow Mr. Doe's anonymity to remain intact as he pursues his claims related to the personal and sensitive matters discussed in his complaint.

## II. NEITHER THE DEFENDANTS NOR THE PUBLIC'S INTEREST OUTWEIGHS MR. DOE'S INTEREST IN PROCEEDING ANONYMOUSLY.

### A. Defendants Will not be Prejudiced if Mr. Doe Proceeds Under a Pseudonym Because Defendants Already Know his Identity.

Mr. Doe's ability to proceed anonymously will not prejudice Defendants because Mr. Doe's identity is already known to them.  Typically, courts are concerned that a defendant's discovery efforts may be frustrated by plaintiff's use of a pseudonym.  *See Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016) (holding that Delta Airlines would be prejudiced if a passenger arrested in an altercation with an employee was allowed to proceed anonymously); *see also E.W. v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (finding no prejudice to defendants in conducting discovery or trying the case by allowing plaintiff to proceed under a pseudonym because defendant already knew plaintiff's name).  However, when the defendants already know the plaintiff's identity, the plaintiff's use of a pseudonym "will not hinder defendant's ability to pursue his

6

legal defense in any way." *Doe v. Smith*, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999). Here, Defendants' discovery and defense are not hindered because they trafficked Mr. Doe to the United States and are aware of his identity. Given such intimate knowledge of Mr. Doe, concealing his identity will not frustrate Defendants' discovery and defense efforts in this action.

### B. Allowing Public Disclosure of Mr. Doe's Identity Runs Counter to the Public Interest.

The public interest will not be furthered by naming Mr. Doe in this action because doing so would hinder and potentially chill other victims of labor trafficking from coming forward. Mr. Doe is not the first, nor is he the only victim of labor trafficking at the hands of a consular official. Between 2015 and 2017, 31 men and women employed by consular officials or international organizations were identified as victims of human trafficking by Polaris, a national anti-trafficking organization. *See Human Trafficking on Temporary Work Visas: A Data Analysis 2015-2017*, POLARIS (Oct. 2018), https://polarisproject.org/sites/default/files/Polaris%20Temporary%20Work%20Visa%20Report.pdf, at 40. The significant power disparity that exists between consular officials and their domestic workers makes it especially difficult for workers to come forward as victims of human trafficking. Revealing Mr. Doe's identify in this case would create a strong deterrence for similar victims seeking retribution, thereby silencing the victims, preventing justice from being sought, and continuing the unconscionable practice of human trafficking without consequence.

Further, public interest will not be hindered by identifying Plaintiff as 'Mr. Doe.' "Granting [a] party the right to proceed anonymously, on the other hand, is not the equivalent of sealing records and does not prevent the public from accessing records." *New York Univ.*, 786 N.Y.S.2d at 902−03. There is little to no public interest in knowing Mr. Doe's true name.

7

## **CONCLUSION**

For the foregoing reasons, Mr. Doe's motion should be granted permitting him to remain anonymous in all public court filings and preventing Defendants from revealing his true identity to anyone outside the scope of this litigation. Mr. Doe's interest in bringing highly personal claims anonymously significantly outweighs any public interest or prejudice to Defendants. Mr. Doe is therefore entitled to remain anonymous in this case.

Dated: July 26, 2019
New York, NY

Respectfully submitted,

By: _____

DECHERT LLP
Noah M. Leibowitz
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: 212-698-3500
Facsimile: 212-698-3599
Email: noah.leibowitz@dechert.com

Amisha R. Patel
Eric Auslander
1900 K Street, NW
Washington, D.C. 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333
Email: amisha.patel@dechert.com
eric.auslander@dechert.com

*Attorneys for Plaintiff John Doe*